**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

LEE CHIVAS,

    Petitioner,

v.                                            Case No. 8:12-cv-1621-T-33TGW

SECRETARY, DEPT. OF CORRECTIONS,

    Respondent.
_____

## ORDER

Before the Court is the amended petition for writ of habeas corpus filed under 28 U.S.C. § 2254 (Doc. 8) by Petitioner Lee Chivas, an inmate in the Florida Department of Corrections who is proceeding *pro se*. For the following reasons, the Court concludes that the petition must be dismissed as untimely.

**Procedural History**

The State of Florida charged Chivas with five counts of lewd or lascivious molestation. A jury convicted him on counts three and five but found him not guilty of the remaining counts. Chivas was sentenced to consecutive terms of five years imprisonment on count three and fifteen years imprisonment on count five. The state district court of appeal *per curiam* affirmed his judgment and sentence on November 25, 2009.

Through counsel, Chivas filed a motion for postconviction relief under Florida Rule

of Criminal Procedure 3.850 on March 17, 2010, and a subsequent motion on October 27, 2010. The state postconviction court dismissed these motions because they did not comply with the oath requirement of Rule 3.580. On June 9, 2011, Chivas again filed a postconviction motion through counsel. The state court considered this motion on the merits and summarily denied it on September 1, 2011. Chivas also filed a subsequent *pro se* postconviction motion that was dismissed as successive.

Chivas initially filed his federal habeas petition on July 16, 2012, when he gave it to prison officials for mailing. (Doc. 1). The Court ordered that the Clerk stay and administratively close the case upon receiving notification from Petitioner that he filed a notice of appeal of the dismissal of his successive postconviction motion in state court. Chivas's subsequent motion to reopen his case was granted, and he filed an amended petition for writ of habeas corpus (Doc. 8) on March 15, 2013.

**The Federal Habeas Petition Is Untimely**

A review of the record shows that Chivas's federal habeas petition is untimely. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a one-year period of limitation for filing a § 2254 federal habeas petition. This one-year period begins running on the later of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. 2244(d)(1)(A). The limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending ...." 28 U.S.C. 2244(d)(2).

The state district court of appeal *per curiam* affirmed Chivas's judgment and

sentence on November 25, 2009.  Chivas had ninety days, through February 23, 2010, to petition the United States Supreme Court for a writ of certiorari. *See Clay v. United States*, 537 U.S. 522, 527 (2003); *Bond v. Moore*, 309 F.3d 770, 774 (11th Cir. 2002).  Therefore, under § 2244(d)(1)(A), Chivas's judgment became final on February 23, 2010.  The one-year limitations period began the next day, February 24, 2010, and Chivas had through February 24, 2011, absent any tolling, to file his federal habeas petition.  His petition, constructively filed on July 16, 2012, is time-barred.

## Statutory Tolling Does Not Apply

Statutory tolling under § 2244(d)(2) occurs when a properly filed collateral application is pending in state court.  An application is properly filed "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings.  These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee."  *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (footnote omitted).

A motion for postconviction relief must be under oath. Fla. R. Crim. P. 3.850(c). The model form for use in postconviction motions provides two permissible versions of the oath, both of which contain language that the defendant has read the motion and that the facts stated in it are true.  Fla. R. Crim. P. 3.987.  *See also State v. Shearer*, 628 So.2d 1102 (Fla. 1993).  An oath is inadequate if it contains qualifying language. The Florida Supreme Court rejected language in an oath stating the facts in the motion were true and correct "to the best of [the defendant's] knowledge."  *Scott v. State*, 464 So.2d 1171, 1172 (Fla. 1985). Because of this qualifying language, the "verification was not an oath as contemplated by

rule 3.850 . . . . We require more than that.  The defendant must be able to affirmatively say that his allegation is true and correct." *Id.*  A defendant's failure to comply with the oath requirement warrants dismissal of the motion without prejudice.  *See Welch v. State*, 946 So.2d 649 (Fla. 2d DCA 2007).

Chivas's March 17, 2010 postconviction motion, filed by counsel, contained no oath.  The state court concluded that it could not consider the motion because it lacked an oath as required by Rule 3.850(c), and dismissed it with leave to re-file a timely, properly sworn motion.  Chivas's counsel filed another postconviction motion on October 27, 2010. The oath, signed by Chivas, stated, "I HEREBY CERTIFY that all of the above statements are true and correct to the best of my knowledge."  The state court found that Chivas's oath was inadequate due to this qualifying language and concluded that it could not consider the motion.  The court dismissed Chivas's motion with leave to re-file a timely, properly sworn motion.

These motions failed to comply with the pleading requirements of Florida Rule of Criminal Procedure 3.850.  Consequently, neither motion was properly filed so as to toll the one-year federal habeas limitations period.  *See Hurley v. Moore*, 233 F.3d 1295, 1298 (11th Cir. 2000) ("Because [petitioner's] state post-conviction motion was not properly filed according to the state court's application of the written oath requirement, the one-year statute of limitations under the AEDPA is not tolled.").

By the time Chivas submitted a properly filed postconviction motion in state court on June 9, 2011, his one-year period to file a federal habeas petition, which ran through February 24, 2011, had already expired.  Thus, Chivas's federal habeas petition is untimely in accordance with § 2244(d).  *See Hutchinson v. Florida*, 677 F.3d 1097, 1098 (11th Cir.

2012) ("In order for ... statutory tolling to apply, the petitioner must file his state collateral petition before the one-year period for filing his federal habeas petition has run."); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition ... that is filed following the expiration of the limitations period cannot toll that period because there is no remaining period to be tolled.").

### Equitable Tolling Does Not Apply

Chivas appears to acknowledge that his petition is untimely and to argue that the petition is subject to equitable tolling. He claims that postconviction counsel's errors in submitting his two inadequately sworn postconviction motions caused delays beyond his control. The one-year limitations period set forth in "§ 2244(d) is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). Equitable tolling is appropriate when a petitioner demonstrates "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Equitable tolling "is an extraordinary remedy 'limited to rare and exceptional circumstances and typically applied sparingly.'" *Cadet v. Fla. Dep't of Corr.*, 742 F.3d 473, 477 (11th Cir. 2014) (quoting *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009)). The petitioner bears the burden of establishing the applicability of equitable tolling. *See Hutchinson*, 677 F.3d at 1099; *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002).

Chivas has not carried his burden to demonstrate that he has diligently pursued the timely filing of his federal habeas petition. "The diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence.'" *Holland*, 560 U.S. at

653 (internal quotation marks and citation omitted). Chivas does not demonstrate that he pursued the timely filing of his federal habeas petition.

Additionally, Chivas has not shown extraordinary circumstances that would permit equitable tolling. A petitioner must "show a causal connection between the alleged extraordinary circumstances and the late filing of the petition." *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011) (citing *Lawrence v. Florida*, 421 F.3d 1221, 1226-27 (11th Cir. 2005)). Mere attorney negligence does not warrant equitable tolling. *See Holland*, 560 U.S. at 651-52. Further, the Eleventh Circuit Court of Appeals has held that "attorney negligence, however gross or egregious, does not qualify as an 'extraordinary circumstance' for purposes of equitable tolling; abandonment of the attorney-client relationship ... is required." *Cadet*, 742 F.3d at 481-82. Because Chivas fails to establish that postconviction counsel abandoned the attorney-client relationship, he does not show the existence of extraordinary circumstances necessary for the application of equitable tolling. Accordingly, Chivas does not demonstrate that equitable tolling applies. His petition must be dismissed as untimely.

### Certificate of Appealability Denied

The Court declines to issue a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts because Chivas has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2). Because Chivas is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

It is therefore

**ORDERED** that Chivas's amended petition for writ of habeas corpus (Doc. 8) is hereby **DISMISSED**. The Clerk is directed to enter judgment against Chivas and close this case.

**ORDERED** in Tampa, Florida, on March 11, 2015.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Counsel of Record
Lee Chivas